IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                          4:17-CR-00080-01-JM

PEGGY KENDRICK

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 66) is DENIED.

**I.   BACKGROUND**

On April 26, 2017, Defendant pled guilty to conspiracy to violate civil rights while under color of law, violating civil rights while under color of law, and making false records to obstruct an investigation.[1] On April 18, 2019, she was sentenced to 84 months in prison.[2]

**II.  DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, she must first make the request with the Bureau of Prisons and exhaust her administrative remedies there.[4]

---

[1] Doc. Nos. 12, 13.

[2] Doc. Nos. 51, 52.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant asserts that she requested compassionate release from the warden, and that request was rejected. However, no documents are attached, so it is not clear whether Defendant appealed the denial. If she did not appeal, she has not exhausted his administrative remedies, which means this motion is premature and this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied. In support of her motion, Defendant asserts she has diabetes, a prolapsed rectum, and is not getting enough oxygen to the lower lobes of her lungs which put her at a higher risk of suffering from COVID-19. First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health conditions are not listed. Additionally, there is no evidence that Defendant's health conditions are severe enough to prevent her from independently functioning within the prison. She also has provided neither argument nor evidence that her health conditions cannot be controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third,

---

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Defendant is 47 years old and has served only a fraction of her sentence, so she does not meet the age and minimum served-time requirements under the Guidelines.

Defendant also asserts that she should be released to home confinement so she can care for her grandchildren. According to Defendant, her daughter and daughter's boyfriend are using and selling drugs. She also contends that the boyfriend is abusing her grandchildren. Under the Guidelines, compassionate release may be warranted upon the "death or incapacitation of the caregiver of the defendant's minor child."[7] Defendant has provided neither evidence nor argument that her daughter is incapacitated to the point that she is unable to care for the children. Additionally, Defendant's husband has contacted DHS in attempt to remedy the situation.

Even if Defendant could establish extraordinary and compelling reasons, her request for relief must be denied because of the § 3553(a) factors – specifically, reflecting the severity of the offense.

Between June 2012 and July 2014, Defendant was the Captain of the White River, Arkansas Juvenile Detention Center. During that time, Defendant and her corrections officers often used excessive force (typically pepper spray) to assault, injure, and physically punish juvenile inmates at the facility. On numerous occasions, Defendant and her co-conspirators pepper-sprayed juvenile inmates and "let them cook" in their cells, rather than taking them to wash off the pepper spray. Defendant also placed juvenile inmates on lockdown for minor infractions (and for longer than warranted) in a cell that got extremely cold in the winter and hot in the summer. To cover up their actions, Defendant and her co-conspirators drafted false reports that tried to justify their use of excessive force.

---

[7] U.S.S.G § 1B1.13 cmt. n. 1 (3).

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 66) is DENIED.

IT IS SO ORDERED, this 9th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE